KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CURTIS KOZY (1),<br>ELIZABETH ANN LYONS-HINES (2),<br><br>Defendants. | CRIM. CASE NO. 07CR3027-LAB<br><br>DATE: December 17, 2007<br>TIME: 2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery.

# I

# STATEMENT OF THE CASE

On November 7, 2007, a federal grand jury in the Southern District of California returned an Indictment charging Defendants Michael Curtis Kozy and Elizabeth Ann Lyons-Hines with Importation of Marijuana in violation of Title 21, United States Code, Sections 952 and 960, and Title 18, United States Code, Section 2 and Possession of Marijuana with the Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2. Defendants were arraigned on the Indictment on November 8, 2007, and entered a plea of not guilty.

# II

# STATEMENT OF FACTS

On October 24, 2007, at approximately 9:40 p.m., Defendants entered the United States from Mexico at the Calexico, California, East Port of Entry. Defendant Michael Curtis Kozy ("Kozy") was the driver of a 2001 Ford Focus. Defendant Elizabeth Ann Lyons-Hines ("Lyons-Hines") was the passenger of that vehicle. At primary inspection, defendant Kozy claimed that defendant Lyons-Hines was his wife and provided Customs and Border Protection ("CBP") Officer G. Baltazar with a negative customs declaration. When asked about the purpose of their trip to Mexico, defendant Kozy claimed that earlier that day, they had traveled from Bakersfield, California to visit his mother-in-law in El Centro, California and that they went to Mexicali to get something to eat.

During primary inspection, Officer Baltazar noticed a strong odor of gasoline coming from underneath the vehicle. Officer Baltazar then instructed defendant Kozy to open the trunk of the vehicle. When defendant Kozy stepped out of the vehicle to open the trunk, Officer Baltazar noticed that defendant Kozy began to grow nervous and uneasy. Defendant Kozy further claimed that he was in the process of registering the vehicle under his name since he recently purchased the vehicle from his friend, Daniel. Officer Baltazar used a mirror and flashlight to inspect underneath the vehicle. At this time, Officer Baltazar noticed that gasoline was leaking from the gas tank. Officer Baltazar then referred the vehicle and its occupants to secondary inspection.

At secondary inspection, defendant Kozy told they were visiting his mother-in-law in Mexicali. Both defendants were asked to step out of the vehicle. Officer Medina asked defendant Lyons-Hines

who owned the vehicle. Defendant Lyons-Hines responded, "ours." Defendant Kozy again claimed that he owned the vehicle and that the registration was still under his friend's name. Officer Pyburn began to screen the vehicle with his his narcotic detector dog. The dog alerted to the dash of the vehicle. Upon further inspection, 46 packages, weighing 53.34 kilograms, were removed from the vehicle– 24 packages from the dash, 14 packages from the gas tank, 3 packages from the rear driver side quarter panel and 6 from the rear passenger side quarter panel. An officer probed one of the packages, producing a green leafy substance that tested positive for marijuana.

At approximately 1:40 a.m. on October 25, 2007, defendant Kozy was advised of his Miranda rights, which he acknowledged and waived. Defendant Kozy denied knowledge of the marijuana found in the vehicle.

At approximately 2:50 a.m., defendant Lyons-Hines was advised of her Miranda rights, which she acknowledged and waived. Defendant Lyons-Hines denied knowledge of the marijuana found in the vehicle.

## III

## GOVERNMENT'S MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

#### 1. RULE 16(b)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under

Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that the Government's Motion be granted.

DATED: December 10, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito

LUELLA M. CALDITO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CURTIS KOZY (1),<br>ELIZABETH ANN LYONS-HINES (2),<br><br>Defendants. | ) | Case No. 07CR3027-LAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY AND POINTS AND AUTHORITIES SUPPORTING MOTION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert Boyce, counsel for Defendant Michael Curtis Kozy;

2. Joseph McMullen Federal Defenders of San Diego, Inc., counsel for Elizabeth Ann Lyons-Hines

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2007.

/s/ Luella M. Caldito
LUELLA M. CALDITO